answer of the defendant that it is not of the character allowed by law to be pleaded in this action, not being a cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiffs' claim. (2) That it appears on the face of the counterclaim contained in and constituting the amended answer of the defendant that it does not state facts sufficient to constitute a cause of action. (3) That both of the grounds of demurrer of the plaintiffs to the counterclaim contained in and constituting the amended answer of defendant are well taken. (4) That the plaintiffs are entitled to final judgment sustaining said demurrer, with costs, which are hereby awarded to the plaintiffs, to be paid by the defendant. And I hereby order and direct that said costs be adjusted by the clerk of this court, and that final judgment be entered in favor of the plaintiffs against the defendant on the complaint herein."

Argued before EHRLICH, C. J., and McCARTHY, J.

A. Perry, for appellant.

B. D. Eisler, for respondents.

EHRLICH, C. J. The matters set up by the defendant are pleaded as a counterclaim, and, as such, they are not the subject of counterclaim to an action on a promissory note. The defendant had not paid O'Hara's claim, on which he relies, and may never be obliged to pay it, or any part thereof, and until then his loss is not the subject of set-off. In view of these facts, the condition said to have been affixed to the delivery of the note does not aid the alleged counterclaim, as such. It follows that the judgment appealed from must be affirmed, with costs.

---

MacKAYE v. SOULE et al.

(Superior Court of New York City, General Term. October 24, 1893.)

INJUNCTION—PENDENTE LITE—FRAUDULENT CONVEYANCES.

In an action by a judgment creditor to set aside an alleged fraudulent transfer by the judgment debtor of certain shares of stock, the transferee will be enjoined from incumbering, or in any manner disposing of, the shares, pending the action.

Appeal from special term.

Action by Henry J. MacKaye, as sole surviving trustee under the will of Lewis T. Warner, deceased, against George Day, Robert B. Allison, and Jeanne E. Soule, to declare certain alleged partnership property to be the individual property of defendant Day, and to set aside, as in fraud of creditors, a transfer of certain shares of stock made by defendant Day to defendant Soule, and for an injunction and receiver. From an order continuing, pendente lite, an injunction theretofore granted, restraining defendant Soule from transferring, or in any manner disposing of or interfering with, said shares of stock, defendant Soule appeals. Affirmed.

The temporary restraining order made May 19, 1893, is as follows:

It appearing to my satisfaction, by the summons and verified complaint herein, that the plaintiff demands, and is entitled to, a judgment against the defendant Jeanne E. Soule, restraining the commission of the acts here-

after enjoined, and that the commission or continuance of the said acts during the pendency of this action would produce injury to the plaintiff, and it appearing by said complaint, and by the affidavit of Hubbard Smith, hereto annexed, verified the 17th day of May, 1893, and also an affidavit of said Hubbard Smith, verified the 19th May, 1893, that the grounds of this injunction are that the defendant George Day has made a transfer to the defendant Jeanne E. Soule of the certain shares of stock mentioned in complaint, with intent to hinder, delay, and defraud his creditors, and upon the further ground that said defendant Soule now holds said stock in secret trust for said Day, and thereupon the plaintiff having given an undertaking as required by law, and the amount of such undertaking having been fixed by me at two hundred and fifty ($250) dollars, and said undertaking having been duly approved: Now, on reading the said complaint and affidavit, and on motion of George H. Starr, plaintiff's attorney, it is ordered that the defendant Jeanne E. Soule, her agents, attorneys, and servants, and each of them, are hereby enjoined and restrained, until the further order of this court, from transferring, assigning, hypothecating, pledging, incumbering, or in any manner disposing of or interfering with, the 10 shares of the stock of the corporation known as the Real-Estate Exchange and Auction Room, Limited, mentioned and referred to in the complaint herein, or of the certificate of the ownership thereof, numbered 467, and from making any transfers thereof on the books of said company, or otherwise, and from collecting and receiving any dividends thereon, without the order of this court; and let the defendants or their attorneys show cause before me, or one of the justices of this court, at a special term thereof to be held at chambers, in the new courthouse, in the city of New York, on the 22d day of May, 1893, at the opening of the court on that day, or as soon thereafter as counsel can be heard, why this injunction should not be made permanent, of which motion service of this order on or before the 20th day of May, 1893, shall be sufficient notice. And the plaintiff has leave to serve such further and additional affidavits and other papers in support of this motion for an injunction herein as he may be advised on or before the 20th day of May, 1893.

On June 6, 1893, the following order was made, granting an injunction pendente lite:

An order having been heretofore made herein, enjoining and restraining the defendant Jeanne E. Soule from committing the acts hereinafter enjoined until the further order of this court, and the said Soule having been directed by said order to show cause before this court, at a special term thereof, why said injunction should not be made permanent, and said motion coming on to be heard: Now, on reading and filing the affidavits of Hubbard Smith,—one verified the 17th day of May, 1893, another verified the 22d day of May, 1893,—and also the affidavit of Jules Rehaut, verified the 20th day of May, 1893, and the affidavit of William D. Grant, verified on the same day, and on reading the complaint herein, filed with the clerk of this court on the 19th day of May, 1893, by which it appears to my satisfaction that this action is one within sections 603 and 1876 of the Code of Civil Procedure, and that the plaintiff demands and is entitled to a judgment against the defendant Jeanne E. Soule, restraining the commissions of the acts hereinafter enjoined, and that the commission and continuance of the said acts during the pendency of this action would produce injury to the plaintiff, and it also appearing by said complaint and affidavits that the grounds of this injunction are that the defendant George Day has made a transfer to the defendant Jeanne E. Soule of the certain shares of stock hereinafter mentioned, without consideration, and with intent to hinder, delay, and defraud his creditors, and upon the further ground that said defendant Soule now holds said stock in secret trust for said Day, and the plaintiff having given an undertaking as required by law: Now, on hearing George H. Starr, of counsel for the plaintiff, in support of said motion, and Edmund L. Mooney, Esq., having appeared for the defendants herein for the purposes of this motion only, being duly heard in opposition thereto, it is ordered that said injunction be continued, and the defendant Jeanne E. Soule, her agents, attorneys, and servants, and each of them, be, and they are hereby, enjoined and restrained,

during the pendency of this action, from transferring, assigning, hypothecating, pledging, incumbering, or in any manner disposing of or interfering with, the ten (10) shares of stock in the corporation known as the Real-Estate Exchange and Auction Room, Limited, mentioned and referred to in the complaint herein, or of the certificate of ownership thereof, numbered 467, and from making any transfers thereof on the books of said corporation or otherwise, or from collecting or receiving any dividends thereon.

The following memorandum of decision was filed by Judge McADAM on granting the injunction pendente lite:

The plaintiff has filed a creditors' bill claiming, among other things, a fraudulent transfer of ten shares of stock by the judgment debtor to one Soule without consideration, and that she hold the same for him in trust. It contains the usual prayer for a decree, declaring the transfers void, for an injunction, the appointment of a receiver, etc. An injunction pendente lite is applied for, in aid of the bill, under sections 1876, 603, of the Code. The temporary relief is essential to the judgment demanded, and necessary to make it effectual. In addition to this, it is a rule that where an answer is interposed the court may grant such relief as the parties are entitled to, whether demanded in the complaint or not. Armitage v. Pulver, 37 N. Y. 494; Jones v. Butler, 20 How. Pr. 189; Bell v. Merrifield, 109 N. Y. 202, 16 N. E. Rep. 55. The facts alleged entitle the plaintiff to relief. Motion to continue injunction granted, without costs.

Argued before FREEDMAN and GILDERSLEEVE, JJ.

Mooney & Shipman, for appellant.
G. H. Starr, for appellee.

PER CURIAM. The order should be affirmed, with $10 costs and disbursements, upon the opinion of the learned judge below.

---

(5 Misc. Rep. 493.)

### DALZELL v. FAHYS WATCH-CASE CO.

(Superior Court of New York City, General Term. October 24, 1893.)

DISCOVERY—BEFORE TRIAL.

In an action for one-half of the net profits realized by defendant from the manufacture and sale of an article, where the extent of defendant's liability depends on the construction of certain written agreements, plaintiff is not entitled to a discovery and inspection of defendant's books, in advance of the trial, to ascertain the number of articles manufactured and sold by it, since the meaning of the written contracts should first be determined, and then plaintiff may enforce the production of defendant's books, by subpoena duces tecum, in ample time for all his purposes.

Appeal from special term.

Action by Allen C. Dalzell against the Fahys Watch-Case Company to recover one-half of the net profits said to have been realized by defendant from the manufacture and sale of crowns for stem-winding watches. From an order denying plaintiff's motion for discovery and inspection of defendant's books, plaintiff appeals. Affirmed.

For former reports, see 9 N. Y. Supp. 713; 17 N. Y. Supp. 365.

Argued before McADAM and GILDERSLEEVE, JJ.

Wilber & Oldham, for appellant.
Wetmore & Jenner, for respondent.